IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

AUG 18 2011

CHRIS R. JOHNSON, Clerk
By _____
Deputy Clerk

| | |
|---|---|
| FRANK M. GRIFFIN, M.D., | ) |
| Plaintiff | ) |
| VS. | ) NO. 11-2157 |
| SYNTHES USA SALES, LLC, | ) |
| Defendant | ) |

## COMPLAINT

Comes Frank M. Griffin, M.D., Plaintiff herein, and for his claims against Synthes USA Sales, LLC, Defendant herein, states:

1. Plaintiff is a citizen of the State of Arkansas. Defendant is a limited liability company, the member, or members, of which are citizens of a state, or states, other than Arkansas. There is complete diversity of citizenship between Plaintiff and Defendant. The amount in controversy herein exceeds $75,000.00 exclusive of costs, interest and disbursements. Jurisdiction of this Court is based upon diversity of citizenship of the parties and the amount in controversy pursuant to 28 U.S.C. § 1332(a)(1).

2. A substantial part of the events or omission giving rise to Plaintiff's claims asserted herein occurred within the Western District of Arkansas. Venue of this action is conferred by 28 U.S.C. § 1391(a)(2).

3. The claims asserted herein by Plaintiff were previously asserted in a case before this Court, styled Frank M. Griffin, M.D. v. Synthes USA Sales, LLC, Case No. 2:09-CV-2143-JLN, which case was dismissed without prejudice by order of this Court entered therein on the 31st day of August, 2010 [Document 18]. This suit is timely commenced within the period of limitation prescribed by Ark. Code Ann. § 16-56-126.

4. Defendant is a foreign corporation which is engaged in the business of designing, testing, manufacturing, selling and otherwise distributing various orthopedic devices intended for implantation in the human body, including the bone plate hereinafter described.

5. Defendant has employees who reside in the State of Arkansas and who are actively engaged in the solicitation and sale of its products to, or through, hospitals located within the State of Arkansas. Defendant maintains places of business and inventory of its products for sale within the State of Arkansas. Defendant is a major manufacturer of orthopedic products and enjoys a significant share of the Arkansas market for such products, from which it annually derives substantial revenues from products it sells within Arkansas. Defendant's purposeful activities within the State of Arkansas are sufficient to render it subject to the personal

jurisdiction of this Court consistent with the requirements of due process of law and therefore is subject to this Court's personal jurisdiction.

5. On or about July 26, 2004, Plaintiff underwent surgery at St. Luke's South Hospital in Overland Park, Kansas, the purpose of which was the excision of a cartilaginous neoplasm of his distal right femur. Because of the weakness of the femur resulting from the surgical excision of a portion thereof, Plaintiff's surgeon placed a metal plate along the femur which was attached to the femur with bone screws. The metal place, the screws by which it is attached to the bone, the instruments used in the placement of the plate and insertion of screws into the bone together with the directions for the use thereof are referred to by Defendant as the "less invasive stabilization system (LISS)". The metal plate component of the LISS, implanted in Plaintiff, bears the model or serial number of 422 344 2043376. The LISS, including all components thereof, together with the directions for implantation, are designed, created, tested, manufactured, disseminated, sold or otherwise distributed by Defendant in the regular course of its business.

6. As a part of the marketing promotion of its products, Defendant's employees instruct and counsel orthopedic surgeons as to the methods and techniques for the implantation of its products and the fixation

thereof to the bone or bones involved. In its promotion and instruction as to the technique for the implantation and fixation of the femoral plate component of the LISS, Defendant instructed surgeons that it was not necessary that the femoral plate be contoured to so as to be in contact with the femur but, to the contrary, because of the type of bone screws used, could be affixed off the femur.

7. The LISS plate received by Plaintiff on July 26, 2004, was implanted and affixed by Plaintiff's orthopedic surgeon in accordance with the guidelines, instructions, and directions provided by Defendant.

8. Following the July 2004 procedure, Plaintiff experienced episodes of spontaneous swelling of the right knee. The surgeon believed that this may have been due to the location of one of the screws by which the femoral plate was affixed and therefore, in 2005, Plaintiff underwent a procedure for surgical removal of the screw which was then believed to be the problem.

9. After removal of the screw, Plaintiff continued to experience episodes of swelling of his right knee which were quite painful. Plaintiff commenced experiencing onset of pain in his right knee which became chronic and progressively worse, as a result of which his physical activities

became limited. The cause of the swelling and the knee pain was, for a long period of time, unknown to Plaintiff.

10. In January of 2008, Plaintiff, who is an orthopedic surgeon, was investigating the possibility of using ultrasound for purposes of imaging the knees of patients at a lower cost and a safer alternative to x-rays. A representative of a manufacturer of an ultrasound machine brought one to Plaintiff's office for demonstration purposes. As a part of the demonstration of the machine, Plaintiff imaged his right knee with it, at which time he saw blood being pumped into the knee joint from the area of the distal end of the LISS femoral plate just above the knee. After the discovery of that, Plaintiff decided that his femur had sufficiently regenerated to allow removal of the metal plate, which he decided to have done to see if that would alleviate the chronic problems with his right knee.

11. In September of 2008, Plaintiff underwent surgery for removal of the LISS femur plate. At the time of the surgery, it was determined that the sharp anterior edge of the distal end of the LISS femur plate was causing damages to the adjacent tissue including abrading and tearing of the arteries and blood vessels which resulted in bleeding into the knee joint. As a consequence of the chronic bleeding into the knee joint, the cartilage of the joint has been destroyed, as a result of which Plaintiff

5

has an extremely painful arthritic knee. The arthritic condition of the right knee imposes significant limitations on his activities including the physical demands made upon an orthopedic surgeon. The injury to his right knee is permanent and progressive.

12. The injury to Plaintiff's right knee, as described herein, was proximately caused by the design and method of manufacture and machining of the LISS femur plate coupled with instructions as to the technique for its fixation to the bone. The design and method of manufacture and machining of the plate, coupled with the directions and instructions as to the manner of implantation, rendered the plate defective, which defect creates an unreasonable risk of danger to the user. The defective condition was a proximate cause of the permanent injury which Plaintiff has sustained to his right knee and all damages resulting therefrom.

13. Plaintiff has, as a direct consequence of the injury to his right knee, sustained, and will sustain in the future, the following elements of damage:

    (a) Pain, suffering, and mental anguish;

    (b) Hospital, surgical, and other medical expenses;

      (c) Past loss of earnings;

      (d) Future impairment of earning capacity;

      (e) Permanent injury and disability.

As a direct result of the injury described herein, Plaintiff has sustained damages in excess of the minimum amount required for jurisdiction of United States District Courts in diversity of citizenship suits.

### COUNT I

14. Plaintiff incorporates herein as a part of Count I, by reference thereto, the foregoing allegations of paragraphs 1 through 13.

15. Defendant is regularly engaged in the business of designing, testing, manufacturing, and selling or otherwise distributing orthopedic devices including a LISS plate and other hardware included within the LISS; Defendant is also regularly engaged in the business of formulating, publishing and otherwise disseminating instructions as to the appropriate techniques and procedures for the implantation of its devices and the fixation thereto to the bony structures, which instructions and directions constitute a part of the product; that the LISS femur plate supplied to Plaintiff was defective, which rendered it unreasonably dangerous, which defect was a proximate cause of all damages sustained

by Plaintiff. This defective condition of the LISS femur plate includes but is not limited to:

    (a) Materials of excessive thickness at the distal end causing an undue intrusion into the soft tissues around the distal end of the femur;

    (b) The design of the femur plat which renders it unduly rigid and precludes being contoured by the surgeon to fit the contour of the patient's femur;

    (c) A sharp edge of the anterior distal end of the femur plate which cause abrasion and injury to the adjoining soft tissues including arteries and vessels when implanted in accordance with Defendant's instructions;

    (d) Instructions and directions that the plate, by reason of its design and manner of fixation, may be safely placed off the femur, which placement results in undue intrusion of the plate into the adjacent soft tissues including arteries and vessels;

    (e) The design of the plate, and affixing screws, in a manner which precludes intraoperative

adjustment of the positioning of the plate so as to provide for minimum interference with the surrounding soft tissues.

## COUNT II

16. Plaintiff incorporates herein as a part of Count II, by reference thereto, the foregoing allegations of paragraphs 1 through 13.

17. Defendant was negligent in its design, testing and marketing of the LISS including the components thereof, which negligence was a proximate cause of Plaintiff's injury described herein and all damages resulting therefrom. The negligence on the part of Defendant consists of, but is not limited to, the following:

    (a) Failure to adequately test and analyze the impact of the design and method of manufacture of the LISS femur plate on the soft tissues of the leg;

    (b) Failure to adequately investigate, analyze, and assess soft tissue injuries occurring during clinical trials, and failure to modify the design to minimize intrusion of the plate into adjoining tissues;

      (c) Constructing the LISS femur plate with excessive material at the distal end;

      (d) Failure to contour the anterior edge of the LISS femur plate so as to minimize soft tissue injury;

      (e) Failure to design the LISS femur plate so as to facilitate the implanting surgeon's ability to conform it to the contour of a patient's femur;

      (f) Advising, instructing and encouraging the fixation of the femur plate off the femur, which location increases the risk of injury to and damage of adjacent tissues including the vessels and arteries.

18. The aforesaid negligence on the part of Defendant was a proximate cause of the injury sustained by Plaintiff as described herein and all damages resulting therefrom.

WHEREFORE, Frank M. Griffin, M.D., Plaintiff herein, demands judgment from and against Synthes, Inc., Defendant herein, for his damages as may be assessed by the jury, which damages exceed the minimum required for diversity of citizenship suits in United States District

Courts; and that Plaintiff recover his costs herein together with all further relief which the Court deems just and legal.

FRANK M. GRIFFIN, M.D.

Plaintiff

By: _____
H. David Blair (65004)
Blair & Stroud
P. O. Box 2135
Batesville, Arkansas 72503
870-793-8350   Phone
870-793-3989   Fax
hdb@blastlaw.com

## DEMAND FOR JURY TRIAL

Comes Frank M. Griffin, M.D., Plaintiff herein, and, pursuant to Rule 38 of the Federal Rules of Civil Procedure, demands right of trial by jury as to all issues so triable.

FRANK M. GRIFFIN, M.D.

Plaintiff

By: _____
H. David Blair
