IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

FRANK M. GRIFFIN, M.D.                                                                               PLAINTIFF

v.                                          Case No. 2:11-CV-02157 PKH

SYNTHES USA SALES, LLC                                                                           DEFENDANT

## ORDER

      Currently before the Court are Defendant Synthes USA Sales, LLC's ("Synthes") Motion for Summary Judgment (Doc. 10), and supporting documents, Plaintiff Frank M. Griffin, M.D.'s ("Griffin") Response (Doc. 15), and supporting documents, and Synthes's Reply (Doc. 22). Synthes moves for summary judgment on all claims in the Complaint (Doc. 1) arguing that there are no genuine issues of material fact, and that it is entitled to judgment as a matter of law on the grounds that Griffin's claims are barred by the applicable statute of limitations.

      In determining whether summary judgment is appropriate, the burden is placed on the moving party to establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986); *Nat'l. Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). The Court must review the facts in a light most favorable to the party opposing a motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada v. Union Elec. Co.,* 135 F.3d 1211, 1212-13 (8th Cir. 1998) (citing *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983)).

      This case is a product liability suit in which Griffin alleges that Griffin's damages were caused by a defective Synthes LISS distal femur plate ("LISS plate") that was implanted in Griffin's right femur. The surgery to implant the LISS plate occurred on July 26, 2004. Griffin commenced

his product liability action against Synthes in Arkansas state court on September 28, 2009. In addition to other defenses, Synthes pled the affirmative defense of the statute of limitations under the Arkansas Products Liability Act. The statute provides in part that, "[a]ll product liability actions shall be commenced within three (3) years after the date on which the death, injury or damage complained of occurs." Ark. Code Ann. § 16-16-103. Synthes contends that Griffin knew of the relationship between the LISS plate and his injury before September 28, 2006 and that, therefore, his product liability claims are barred by the statute of limitations.

In *Martin v. Arthur*, the Arkansas Supreme Court adopted the discovery rule in product liability cases holding that the statute of limitations "does not commence running until the plaintiff knew or, by the exercise of reasonable diligence, should have discovered the causal connection between the product and the injuries suffered." 339 Ark. 149, 159 (1999). The trier of fact must determine, based on the evidence, when the plaintiff was first made aware of the nature of the harm caused by the product, or alternatively, when he should have discovered the casual connection. *Id*. "[T]he full extent of the harm is not required; indeed, the manifestation of the nature of the harm done to [the plaintiff] may be slight. *Id.* "The difficulty, then, is determining what level of manifestation is sufficient to start the limitations period and then distinguishing that from the the full extent of the injury." *Mulligan v. Lederle Labs., Div. of American Cyanamid Co.*, 786 F.2d 859, 863 (8th Cir. 1986) (internal quotation omitted).[1] The key consideration is at what point the true *nature* of the injury manifests itself. *Id.* at 864. To know the nature of an injury is not necessarily to know its full extent, but rather the "concept of the nature of a plaintiff's condition could be described either

---

[1] While *Mulligan* was decided by the Eighth Circuit before *Martin*, it is nevertheless instructive of the law in Arkansas. The Arkansas Supreme Court expressly "adopt[ed] the reasoning of the Eighth Circuit in *Mulligan* and agree with its analysis of the *Spickes* case" in adopting the discovery rule in *Martin.* 339 Ark. at 159.

as his or her awareness of the condition . . . or by the notion of informed diagnosis." *Id.* (internal quotation omitted).

Griffin contends that he was unaware of the nature of his injury until the LISS plate had been removed in 2008. Affidavit (Doc. 15-1 ¶5). The Court has reviewed the various depositions and materials related to Griffin's diagnosis and treatment, along with Griffin's affidavit. The Court believes that the proof is not sufficiently clear to establish at what time Griffin knew or should have discovered the causal connection between the product and the injuries suffered or when he became aware of the true nature of any injuries caused. Synthes has not met its burden of showing an absence of a dispute of material fact and is not, therefore, entitled to judgment as a matter of law.

IT IS THEREFORE ORDERED that Synthes's Motion for Summary Judgment (Doc. 10) is DENIED. This case remains set for jury trial to begin on May 13, 2013.

IT IS SO ORDERED this 8th day of March, 2013.

*/s/P. K. Holmes,* III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE