IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

FRANK M. GRIFFIN M.D.                                                                                    PLAINTIFF

v.                                              Case No. 2:11-CV-02157

SYNTHES USA SALES, LLC                                                                         DEFENDANT

## ORDER OF RECUSAL

This case was set for jury trial on the issue of Defendant Synthes USA Sales, LLC's ("Synthes") affirmative statute-of-limitations defense to begin today, May 13, 2013. During voir dire, the Court became aware—for the first time—that Synthes is now owned by Johnson & Johnson. Johnson & Johnson acquired Synthes in 2012, approximately a year after the instant action was filed.

By law, and according to professional standards of conduct, a federal judge must disqualify himself when he knows that he has a financial interest in a party to the proceeding. 28 U.S.C. § 455(b)(4); Code of Conduct for United States Judges ("Code") § 3C(1)(c). "Financial interest" is defined as "ownership of a legal or equitable interest, however small . . ." 28 U.S.C. § 455(d)(4); Code § 3C(3)(c). The Judicial Conference's Committee on Codes of Conduct Advisory Opinion No. 57 specifically advises that "under the Code the owner of stock in a parent corporation has a financial interest in a controlled subsidiary. Therefore, when a judge knows that a party is controlled by a corporation in which the judge owns stock, the judge should recuse."

The undersigned judge owns stock in Synthes's parent company, Johnson & Johnson. Because of that financial interest, recusal is mandated by law and professional standards. The conflict is not waiveable pursuant to statute, 28 U.S.C. § 455(e), or Code of Conduct, § 3(D). No exception to the rule applies, as the stock is not owned as part of a mutual or common investment

fund, 28 U.S.C. § 455(d)(4)(i) and Code § 3C(3)(c)(i), nor has the judge divested himself of the interest, 28 U.S.C. § 455(f) and Code § 3C(4).

While the Court laments the inconvenience caused by the necessity of recusal at this stage of the litigation, the Court notes that the law "requires recusal whenever financial conflicts of interest exist, regardless of whether those conflicts affect the outcome of the case." *Shell Oil Co. v. United States*, 672 F.3d 1283, 1291 (Fed. Cir. 2012). "[18 U.S.C.] Section 455(b)(4) embodies an actual knowledge test regarding disqualifying circumstances and provides a bright line as to disqualification based on a known financial interest in a party—i.e., an equity financial interest of any size is disqualifying." *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 127 (2d Cir. 2003). While the bright-line test is overbroad in regard to actual partiality, in its absence, judges would be "forced to decide the extent of their financial interest at their 'peril,' leaving them open 'to criticism by others who necessarily had the benefit of hind sight . . . [and] weakening public confidence in the judicial system.'" *Id.* at 128 (quoting H.R. Rep. No. 93-1453 (1974), reprinted in 1974 U.S.C.C.A.N. 6351, 6352) (alteration in original). It is, therefore, important to follow the rules of recusal, even when the judge's impartiality is not questioned or challenged, in order to maintain and uphold public confidence in the judiciary.

IT IS THEREFORE ORDERED that Chief United States District Judge P. K. Holmes, III is RECUSED from this case. The matter will be promptly reassigned, by separate order, in accordance with the District's standing Order regarding the Plan for the Distribution of Cases.

IT IS SO ORDERED this 13th day of May, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE